Peter Catalanotti (State Bar No. 230743)
  *pcc@manningllp.com*
Patrick L. Hurley (State Bar No. 174438)
  *plh@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for Defendant
SAFEGUARD PROPERTIES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| INTELLECTUAL CAPITAL MANAGEMENT & SERVICER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 2:15-CV-00850-GEB-CKD<br><br>**NOTICE OF MOTION AND MOTION OF SAFEGUARD PROPERTIES, LLC TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     June 29, 2015<br>Time:    9:00 a.m.<br>Crtm.:   10, 13th Floor<br>Judge:  Hon. Garland R. Burrell, Jr. |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on June 29, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10 (13th Floor) of the above-captioned court, located in the United States Courthouse, 501 I Street, Sacramento, California, SAFEGUARD PROPERTIES, LLC ("Safeguard") will and hereby does move this Court to dismiss the complaint of plaintiff Intellectual Capital Management & Servicer, Inc. ("ICMS") for failure to allege facts sufficient to state a cause of action against Safeguard.

This motion is based on this notice of motion, the attached memorandum of points and authorities, the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED:  May 15, 2015

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Patrick L. Hurley

Attorneys for Defendant
SAFEGUARD PROPERTIES, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

In its complaint, plaintiff Intellectual Capital Management & Servicer ("ICMS") takes a shotgun approach to legal pleading and includes all ten defendants named in the complaint in each of the ten claims for relief without stating specific facts to tie each defendant to each claim.  Specifically, as to Safeguard, a real estate management company, the complaint fails to allege facts to suggest that Safeguard was involved in the foreclosure of the subject property, engaged in any unlawful business activity, made any promises to plaintiff, and/or violated the Real Estate Settlement Procedures Act ("RESPA").  The complaint also fails because the claims are barred by the statute of limitations or otherwise fail to state viable claims against Safeguard.

## 2. STATEMENT OF FACTS

ICMS alleges that, in January 2015, it acquired title to a piece of real property located at 5090 Grass Valley Court in Fairfield, California (the "subject property").

In 2003, defendant America's Wholesale Lender ("AWL") issued a loan to a borrower, Arthur Salazar.  Plaintiff's predecessor in interest, Northridge Neurological Medical Group ("Northridge") foreclosed on the subject property as the holder of a second deed of trust in 2011.  (Complaint at ¶ 16.)

In 2011, an attorney for Northridge sent a Qualified Written Request ("QWR") as well as a reinstatement payoff letter to Bank of America, N.A. ("BofA").  (Complaint at ¶ 17-18.)  BofA did not respond to these requests and later assigned its interest in the subject property to defendant Bank of New York Mellon ("BNYM").  (Id. at ¶ 23.)

Plaintiff alleges that, between 2011 and February 2015, defendants BNYM, Nationstar Mortgage, Veriprise Processing Solutions LLC ("Veriprise"), Field Asset Services, Inc. ("FIS") and Safeguard "trespassed" onto the subject property to, *inter alia*, conduct inspections and change the locks.  (Complaint at ¶ 40.)  The only allegations specifically against Safeguard are that, in 2014, Nationstar posted a notice at the subject property that the loan had been referred to foreclosure and that Safeguard told a tenant of

the subject property that it would only speak with the "homeowner" regarding the notice. (Complaint at ¶ 37-38.)

## 3.     LAW ON MOTIONS TO DISMISS

In ruling on a motion to dismiss, the Court should determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, the Court is to accept as true allegations of fact but the same presumption does not apply to "conclusory allegations of law and unwarranted inferences" which are "insufficient to defeat a motion to dismiss." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted).

## 4.     THE FIRST TWO CLAIMS FAIL TO ALLEGE ANY FACTS AGAINST SAFEGUARD

The first cause of action in the complaint is for "wrongful foreclosure" in violation of Civil Code § 2924(c). In that cause of action, plaintiff alleges that it sent two QWR and reinstatement payoff letters to BofA who later assigned its interest to BNYM. Plaintiff alleges that these defendants, as well as Nationstar, failed to provide plaintiff with a reinstatement or payoff amount but, instead, wrongfully foreclosed on the property. (Complaint at ¶ 52-68.) In the second cause of action, ICMS alleges that BNYM, Nationstar and Veriprise "made promises, through oral and written representations that they would not foreclosure on the subject property." (Complaint at ¶ 71.)

Although the first and second claims are alleged against "all defendants," there are no facts alleged in support of those claims to state a claim for wrongful disclosure or promissory estoppel against Safeguard. Safeguard is not mentioned at all in the first or second claims, there are no facts alleged in support of the first or second claims to suggest

that Safeguard had any ability or authority to foreclose on the subject property or any ability or authority to prevent other defendants from foreclosing on the property. Safeguard is generally hired by a property owner to maintain properties that are in default; it is not a lender or loan servicer.

As set forth above, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility.

As to Safeguard, ICMS does not plead any factual content whatsoever that would allow the Court to draw a reasonable inference that Safeguard is liable for wrongful foreclosure or promissory estoppel. All of the facts alleged in support of the first and second claims for relief relate to BofA, BNYM, and Nationstar. None of the factual allegations suggest that Safeguard could be liable for the misconduct alleged in the first two claims for relief. As such, the motion to dismiss should be granted as to the first and second claims for relief as to Safeguard.

5. **PLAINTIFF HAS NOT ALLEGED FACTS TO ESTABLISH THAT SAFEGUARD IS LIABLE FOR TRESPASS**

In the third claim, plaintiff alleges that it leased the property to various tenants and that, between 2011 and 2015, "Defendants, and each of them" entered the subject property without notice or permission and disturbed plaintiff's tenants. (Complaint at ¶ 79.)

The essence of the cause of action for trespass is an "unauthorized entry" onto the land of another. *Church of Christ in Hollywood v. Superior Court*, 99 Cal. App. 4th 1244, 1252 (2002). However, "liability for trespass may be imposed only if the trespass was intentional, reckless, negligent, or the result of ultrahazardous activity." *Armitage v. Decker*, 218 Cal. App. 3d 887, 906 (1990).

Plaintiff has failed to allege sufficient facts to state a claim against Safeguard for trespass.  First, plaintiff did not become the owner of the property until January 27, 2015. ICMS does not have standing to bring a claim for trespass to the subject property prior to January 27, 2015 because, during those prior times, it did not have an interest in the subject property that could have been infringed upon by an alleged trespass by Safeguard.

Second, the exhibits attached to the complaint in support of the trespass claim (Exhibits I, J, N and Q) show only that Nationstar may have entered the subject property. Other than the vague and conclusory allegation that "Defendants and each of them" entered the subject property without plaintiff's consent, there are no specific factual allegations regarding what Safeguard did to trespass on the subject property, when, or under what circumstances.  In the absence of any facts to support the legal conclusion that Safeguard did not anything to intentionally interfere with ICMS's interest in the subject property, the Court should grant the motion as to the third cause of action for trespass.

## 6. THE INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS CLAIM FAILS AS TO SAFEGUARD

In the fourth claim, ICMS alleges that, Defendants "and each of them" engaged in a pattern of harassment of plaintiff's tenants to force the tenants to leave the subject property without obtaining the necessary court orders to do so.  ICMS claims that all of the defendants trespassed on the subject property, disturbed the tenants, made false statements to the tenants, boarded up the property, and changed the locks on the property.  (Complaint at ¶ 86.)

"The elements of a cause of action for interference with contractual relations are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of this contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damages."  *Sole Energy Co. v. Petro-minerals Corp.*, 128 Cal. App. 4th 212, 237-38 (2005).

As to Safeguard, this claim fails for several reasons. As set forth above, ICMS did not own the subject property until January 27, 2015, and plaintiff has not established that it was a party to the leases on which the intentional interference claim is based. In addition, based on the allegations in the complaint, it appears that several of the tenants moved out of the subject property before plaintiff obtained an ownership interest in it. As such, ICMS cannot based an intentional interference claim on contracts that were expired for several years before ICMS obtained an ownership interest in the subject property.

Second, plaintiff again fails to state any specific facts relating to what Safeguard, as opposed to the other nine defendants, did to interfere with plaintiff's leases with its tenants. Other than posting a notice on the subject property and then agreeing to speak with ICMS about it (Complaint at ¶ 37-38), the complaint contains no factual allegations about alleged misconduct by Safeguard; it contains only legal conclusions. In fact, the exhibits attached to the complaint in support of the trespass claim (Exhibits I, J, N and Q) show only that Nationstar may have entered the subject property. At a minimum, ICMS should be required to allege facts relating to the alleged misconduct by Safeguard so that it may adequately respond to the complaint and otherwise defend itself against plaintiffs vague and meritless allegations. The motion should be granted as to the intentional interference with contractual relations claim.

The fifth and sixth claims for relief for intentional and negligent interference with contractual relationships and economic advantage are based on the same allegation as the trespass and intentional interference with contractual relations claims. For the reasons set forth above, the Court should grant the motion as to those claims.

### 7.     PLAINTIFF HAS NOT ALLEGED THAT SAFEGUARD ENGAGED IN AN UNLAWFUL OR UNFAIR BUSINESS PRACTICE

In the seventh claim for relief, ICMS alleges that all defendants engaged in a unlawful or unfair business practice because they made an untrue statement concerning any fact connected with the proposed disposition of property. (Complaint at ¶ 110.) As with the other claims in the complaint, this cause of action fails to state any specific claims

against Safeguard and Safeguard is unable to adequately defend itself without having at least a vague notion of the factual basis of the claims against it.  Plaintiff also appears to allege that defendants, including Safeguard, engaged in a forcible entry and/or detainer of the subject property through force or violence.  (Complaint at ¶ 112.)  However, there are no facts alleged in the complaint to support the conclusion that Safeguard used force or violence to enter or remain on the subject property.

To prevail on a claim under section 17200, plaintiff must establish that the defendant engaged in an act or business practice that is "forbidden by law."  *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (2007).  The only available remedies for claims based on section 17200 are restitution or injunctive relief.  "A claim premised UCL action is equitable in nature; damages cannot be recovered."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (citing *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992)).

There are simply no facts (as opposed to legal conclusions) alleged in the complaint to suggest that Safeguard engaged in any unlawful or unfair business practice relating to the subject property that would give plaintiff standing to seek injunctive relief against Safeguard.

**8. PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO SUPPORT A CONSPIRACY TO COMMIT FRAUD CLAIM AGAINST SAFEGUARD**

In the either cause of action, plaintiff alleges that Safeguard agreed and willfully conspired with the other defendants to "get the property vacated so that they could gain full control of the property . . ."  (Complaint at ¶ 116.)

In California, to prove a civil conspiracy, plaintiff must present facts showing: "(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting."  *Barney v. Aetna Casualty & Surety Co.*, 185 Cal. App. 3d 966, 982 (1986) (quotation omitted).  However, a "a cause of action for civil conspiracy cannot stand by itself, but must rest upon the successful allegation of an underlying wrong."  *Id.*

6
Case No. 2:15-CV-00850-geb-ckd
MOTION OF SAFEGUARD PROPERTIES, LLC TO DISMISS COMPLAINT

In this case, as set forth above and below, plaintiff has not alleged facts to support any underlying cause of action against Safeguard. In addition, plaintiff has failed to any facts to support the allegation that there was a meeting of the minds between Safeguard and any other defendant to violate plaintiff's rights or that Safeguard took any steps in furtherance of the alleged conspiracy. In the absence of any factual allegations to support the conspiracy cause of action, the motion to dismiss should be granted.

**9.     THE NINTH CAUSE OF ACTION IS MERITLESS AS TO SAFEGUARD**

In the ninth cause of action, ICMS alleges that all defendants violated California Civil Code §§ 2923.55 and 2943 on the grounds that defendants "and each of them" failed to respond to the QWR and reinstatement and payoff letters sent by plaintiff's predecessor to "BofA, AWL and MERS". (Complaint at ¶ 125.)

This cause of action fails as to Safeguard because there are no allegations in the complaint that Safeguard is a lender or loan servicer, no allegations that plaintiff sent a QWR letter or reinstatement or payoff letter to Safeguard, and no allegations that Safeguard failed to respond.

Section 2923.55 addresses situations where a "mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent" records a notice of default. Civ. Code § 2923.55. There are no allegations in the complaint to suggest that Safeguard is a mortgagee or mortgage servicer. There are also no facts alleged to suggest that Safeguard recorded a notice of default relating to the subject property. As such, plaintiff has not alleged facts to state a claim against Safeguard for a violation of section 2923.55.

Similarly, Civil Code § 2943 deals with the obligation of the beneficiary of a mortgage or deed of trust to furnish information about the mortgage or other indebtedness at issue upon request. In this case, plaintiff claims that it made such a request to "BofA, AWL and MERS." There are no allegations in the complaint to suggest that Safeguard is the beneficiary of a mortgage or had any ability or obligation to provide information to plaintiff about any loans relating to the subject property.

1 The Court should grant the motion to dismiss as to the ninth cause of action because 2 plaintiff has not alleged facts sufficient to state a claim against Safeguard for a violation of 3 Civil Code §§ 2943 or 2923.55.

## 10. PLAINTIFF CANNOT PROCEED WITH A CLAIM FOR PUNITIVE DAMAGES AGAINST SAFEGUARD.

In the fourth, fifth, seventh, and eighth claims for relief, plaintiff seeks an award of punitive damages against all defendants, including Safeguard, based on allegations that defendants acted with malice, oppression or fraud relating to the subject property. (Complaint at ¶¶ 89, 96, 113, 120, 141.)  The Court should find that plaintiff has not alleged facts sufficient to seek punitive damages from Safeguard.

Pursuant to California Civil Code section 3294(a), punitive damages may be awarded only if the plaintiff proves by clear and convincing evidence that a defendant acted with fraud, oppression, or malice.

It is not enough to allege that defendant acted with a willful and conscious disregard; a plaintiff must show defendant's conduct was despicable. *College Hospital, Inc. v. Superior Court*, 8 Cal. 4th 704, 725 (1994).

"The law does not favor the imposition of punitive damages.  They should only be allowed in the 'clearest of cases.'" *Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp. 1, 11 (1983).  Conduct that may be characterized as unreasonable, negligent, grossly negligent, or reckless does not satisfy the highly culpable state of mind warranting punitive damages. *G.D. Searle & Co. v. Superior Court*, 49 Cal. App. 3d 22, 31 (1975).  Instead, a plaintiff must present specific factual allegations to show that defendant's conduct was of "such severity or shocking [as] warrants the same treatment accorded to willful misconduct – conduct in which defendant intends to cause harm." *Nolin v. National Convenience Stores, Inc.*, 95 Cal. App. 3d 279, 286 (1979).

Even if plaintiff had pled facts sufficient to state a claim for punitive damages against the Safeguard employees who allegedly trespassed onto the subject property, it has not alleged facts sufficient to seek punitive damages against Safeguard as a corporate

employer. California Civil Code § 3294(b) provides that an employer is not liable for punitive damages for the acts of one of its employees "unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." In addition, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Virtanen v. O'Connell*, 140 Cal. App. 4th 688, 715 (2006).

ICMS has not alleged any facts to support the conclusion that an employee of Safeguard acted with malice, oppression or fraud relating to plaintiff. Even if it had, ICMS has not alleged facts to establish that an officer or director of Safeguard ratified or approved the alleged malicious or oppressive conduct by one of its employees. As a result, the Court should grant the motion as to the claim for punitive damages against Safeguard.

**11. CONCLUSION**

Based on the foregoing, the Court should grant the motion to dismiss the complaint of ICMS as to defendant Safeguard.

DATED: May 15, 2015

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:    /s/ Patrick L. Hurley

Attorneys for Defendant
SAFEGUARD PROPERTIES, LLC