UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLECTUAL CAPITAL MANAGEMENT & SERVICER, INC., a California corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC, a limited liability company; AMERICA'S WHOLESALE LENDER, a subsidiary of Bank of America, N.A.; BANK OF AMERICA N.A., a National Association; BANK OF NEW YORK MELLON, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., a corporation; VERIPRISE PROCESSING SOLUTIONS LLC, a limited liability company; FIELD ASSET SERVICES INC., a corporation; SAFEGUARD PROPERTIES LLC, a limited liability company; MICHAEL SALZA, an individual; ALBANY SCOTT, an individual, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | No. 2:15-cv-00850-GEB-CKD<br><br>**ORDER TO SHOW CAUSE AND CONTINUING HEARING ON DEFENDANTS' DISMISSAL MOTIONS** |

　　　　Pending for decision are three dismissal motions seeking to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (See ECF Nos. 8, 12, 13.) Each

1

dismissal motion is noticed for hearing on June 29, 2015. Plaintiff failed to file an opposition or statement of non-opposition to each motion as required by Local Rule 230(c).

Further, in certain Defendants' Notice of Plaintiff's failure to oppose their motion, Defendants state they "ha[ve] . . . received an unofficial notice that [Plaintiff's] attorney of record is no longer representing the Plaintiff in this action." (Def.'s Notice, ECF No. 15.) Defendants attached as an exhibit to their Notice an email from Plaintiff's counsel, in which he states: "I'm no longer representing ICM & Servicer, Inc. Please direct all further mailings and notifications to their agent for service of process or ICM's address directly." (Id. Ex. A.)

Local Rule 182(d) prescribes:

> Unless otherwise provided herein, **an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court** upon noticed motion and notice to the client and all other parties who have appeared. . . . Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. **The . . . duty of the attorney of record shall continue until relieved by order of the Court** issued hereunder. . . .

(emphasis added). Further, the California Rules of Professional Conduct prohibit an attorney from withdrawing his or her representation "until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, . . . and complying with applicable laws and rules." Cal. R. Prof. Conduct 3-700(A)(2).

2

Here, it is unknown what efforts, if any, Plaintiff's counsel has taken to avoid prejudicing his client, especially since Plaintiff is a corporation, which "may appear in . . . federal court[] only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-202 (1993); see also E.D. Cal. R. 183 ("A corporation . . . may appear only by an attorney."). Further, the "[f]ailure of a corporation to retain counsel may result in its complaint . . . being stricken." S. Parker Constr., Inc. v. Suntex Homes, LLC, No. 2:08-CV-1439 JCM (GWF), 2010 WL 4983292, at *1 (D. Nev. Dec. 2, 2010); accord Mastodon Invs. v. CIT Grp., Inc., No. CIV S-08-392 FCD KJM PS, 2008 WL 1787765, at *1 (E.D. Cal. Apr. 15, 2008) (striking unrepresented corporate plaintiffs from amended complaint).

For the stated reasons, Plaintiff's counsel, Eric Rasmussen, is Ordered to Show Cause ("OSC") in a writing to be filed no later than June 22, 2015, why sanctions should not be imposed against him for failing to file an opposition or statement of non-opposition to the pending dismissal motions. The filing shall also state why sanctions should not be imposed against him for the apparent abandonment of his client, and for his failure to comply with Local Rule 182(d) if he intends to seek an order authorizing his withdrawal as Plaintiff's counsel. Plaintiff's counsel is warned that potential sanctions include a monetary sanction and/or referral of this matter to the State Bar of California. If a hearing is requested on the OSC, it will be held on August 3, 2015, at 9:00 a.m., just prior to the status conference scheduled on that date.

Further, since Plaintiff has not responded to the pending dismissal motions, those motions are rescheduled for hearing on July 27, 2015, commencing at 9:00 a.m. <u>Plaintiff shall file an opposition or statement of non-opposition to the rescheduled motions as required by Local Rule 230(c).</u>

The Clerk of the Court shall also serve a copy of this order on Plaintiff at the following address[1]:

    9911 W. Pico Blvd., Suite 1520

    Los Angeles, CA 90035

Dated: June 18, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] Plaintiff's counsel provided this address in the referenced email as the "best address to use" for Plaintiff. (Def.'s Notice, Ex. A.)